**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANTHONY SPILLERS,                    )    NO. EDCV 15-1130 FMO (AS)
                                     )
            Petitioner,              )
                                     )
      v.                             )    **FINAL REPORT AND RECOMMENDATION OF**
                                     )
NEIL MCDOWELL,                       )    **A UNITED STATES MAGISTRATE JUDGE**
                                     )
            Respondent.              )
_____)

     This Final Report and Recommendation is submitted to the Honorable
Fernando M. Olguin, United States District Judge, pursuant to 28 U.S.C.
§ 636 and General Order 05-07 of the United States District Court for
the Central District of California.

**I.**

**INTRODUCTION**

     On June 10, 2015, Anthony Spillers ("Petitioner"), a California
state prisoner proceeding pro se, filed a Petition for Writ of Habeas
Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1).  On
September 14, 2015, Respondent filed an Answer to the Petition.  (Dkt.

No. 9).  Petitioner filed "Objections" to the Answer on November 4, 2015, which the Court treats as a Reply brief.  (Dkt. No. 15).

On September 19, 2017, the undersigned issued a Report and Recommendation.  (Dkt. No. 32).  On October 23, 2017, Petitioner filed Objections to the Report and Recommendation.  (Dkt. No. 35).  The Court now issues this Final Report and Recommendation to briefly address Petitioner's Objections.

For the reasons discussed below, it is recommended that the Petition be DENIED and that this action be DISMISSED with prejudice.

## II.

### PRIOR PROCEEDINGS

On September 4, 2013, in Riverside County Superior Court, Petitioner pled guilty to,[1] and was convicted of, one count of willful infliction of corporal injury upon a spouse or former spouse in violation of California Penal Code ("P.C.") § 273.5(a), and he admitted he personally inflicted great bodily injury on the victim under circumstances involving domestic violence within the meaning of P.C. § 12022.7(e).  (Lodgments 4-5 & 13, Exh. F at 5).  On September 30, 2013,

---

[1]    While the record reflects that Petitioner pled guilty, Petitioner claims he pled no contest.  (<u>Compare</u> Petition at 2 <u>with</u> Lodgment 13, Exh. F at 5).  However, under California law, a plea of no contest has the same legal effect as a guilty plea.  P.C. § 1016(3); <u>People v. Robinson</u>, 56 Cal. App. 4th 363, 368 (1997).  Therefore, the Court will not further explore this issue.

in accordance with his plea, the trial court sentenced Petitioner to five years in state prison.[2] (Lodgments 5-6 & 13, Exh. F at 4).

Petitioner did not appeal this Judgment. (Petition at 2). Instead, Petitioner filed a habeas corpus petition in Riverside County Superior Court, which denied the Petition on May 16, 2014. (Lodgments 9, 11). Petitioner thereafter filed a habeas corpus petition in the California Supreme Court, which denied the petition on May 13, 2015.[3] (Lodgments 13-14).

## III.

### PETITIONER'S CLAIMS

Petitioner raises the following claims for federal habeas relief:

Ground One:     The prosecution failed to disclose the victim's medical records in violation of Brady v. Maryland, 373 U.S. 83 (1963).

---

[2] The sentence consisted of the low term of two years for the P.C. § 273.5(a) conviction and the low term of three years for the P.C. § 12022.7(e) enhancement to be served consecutively. (Lodgment 13, Exh. F at 4). The trial court struck allegations that Petitioner had a prior strike within the meaning of California's Three Strikes law, P.C. §§ 667(b)-(i) and 1170.12(a)-(d), and had served four prior prison terms within the meaning of P.C. § 667.5(b). (Lodgments 4 & 13, Exh. F at 4).

[3] Respondent has also lodged a habeas corpus petition Petitioner filed in another case, but the Court need not address this petition. (See Lodgments 7-8).

Ground Two:        Petitioner received ineffective assistance when defense counsel failed to object to inadmissible evidence, file a suppression motion, and investigate Petitioner's case.

Ground Three:      Petitioner's guilty plea was involuntary because the prosecution failed to disclose the victim's medical records before Petitioner entered his plea.

Ground Four:       The State used false evidence to convict Petitioner.

(Petition at 5-6, Attachment ("Att.") at 5-12).

## IV.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011). Under AEDPA's deferential standard, a federal court may grant habeas relief only if the state court adjudication was contrary to or an unreasonable application of clearly established federal law or was based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court

4

decisions be given the benefit of the doubt[.]'" <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011) (citations omitted).

Petitioner raised Grounds One through Four in his habeas corpus petition to the California Supreme Court, which denied the petition without comment or citation to authority. (Lodgments 13-14). However, since no state court has provided a reasoned decision addressing the merits of Petitioner's claims,[4] the Court must conduct an independent review of the record to determine whether the state court's ultimate decision to deny these claims was contrary to, or an unreasonable application of, clearly established federal law. <u>Murray v. Schriro</u>, 745 F.3d 984, 996-97 (9th Cir. 2014); <u>Walker v. Martel</u>, 709 F.3d 925, 939 (9th Cir. 2013). "Crucially, this is not a *de novo* review of the constitutional question." <u>Walker</u>, 709 F.3d at 939; <u>Kyzar v. Ryan</u>, 780 F.3d 940, 949 (9th Cir.), <u>cert.</u> <u>denied</u>, 136 S. Ct. 108 (2015). Rather, where, as here, there is no reasoned decision analyzing Petitioner's constitutional claims, the Court "must determine what arguments or

---

[4] The only state petition in which Petitioner raised Grounds One, Three and Four was Petitioner's habeas corpus petition to the California Supreme Court. Petitioner raised ineffective assistance of counsel claims before the Riverside County Superior Court and California Supreme Court, but these claims are distinct with at most minimal overlap. (<u>Compare</u> Lodgments 9 and 13). In any event, the Riverside County Superior Court denied Petitioner's ineffective assistance of counsel claim by checking a line on a form order stating "the petition fails to state a prima facie factual case supporting the petitioner's release [and] makes assertions regarding the applicable law that are contrary to established California case decisions." (Lodgment 11). This is insufficient to constitute a reasoned decision for AEDPA purposes. <u>See</u> <u>Murray v. Schriro</u>, 745 F.3d 984, 1010, 1012 (9th Cir. 2014) (Superior Court's decision rejecting ineffective assistance of counsel claim that "merely concluded that Murray 'fail[ed] to raise a colorable issue of ineffective assistance of counsel'" was not a reasoned decision).

5

theories . . . could have supported[] the state court's decision" and "then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Richter, 562 U.S. at 102; Mahrt v. Beard, 849 F.3d 1164, 1169 (9th Cir. 2017).

**V.**

**DISCUSSION**

A. **False Evidence**[5]

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Broce, 488 U.S. 563, 574 (1989). The principle behind this doctrine is that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett, 411 U.S. at 267; Haring v. Prosise, 462 U.S. 306, 321 (1983). A defendant who pleads guilty or no contest is convicted and sentenced according to his plea and not upon the evidence. Brady v. United States, 397 U.S. 742, 748 (1970). By his plea, the defendant admits he committed the charged offense, and all that remains for disposition of the case is imposition of the sentence and entry of the judgment. North Carolina v. Alford, 400 U.S. 25, 32 (1970); Broce, 488 U.S. at 569. Accordingly, almost

---

[5] The Court addresses Petitioner's claims non-sequentially to more coherently address the issues raised herein.

the only pre-plea challenges to survive a guilty or no contest plea are whether the plea was voluntary, whether the defendant received ineffective assistance of counsel in deciding to plead guilty, or whether a jurisdictional defect precluded the Government's power to prosecute. See, e.g., Broce, 488 U.S. at 569; Hill v. Lockhart, 474 U.S. 52, 56 (1985); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" (citation omitted)).

In Ground Four, Petitioner argues he is entitled to habeas corpus relief because he was convicted based on false evidence, which he identifies as statements made by his wife at the preliminary hearing in violation of Napue v. Illinois, 360 U.S. 264 (1959). (Petition at 6, Att. at 11-12; Reply at 5-7). Respondent disagrees, contending that Tollett and its progeny bar Ground Four. (Answer at 5). Respondent is correct. See Robinson v. Hill, 2012 WL 1622655, *6 (N.D. Cal. 2012) (prosecutor's alleged use of perjured testimony involved pre-plea conduct); Williams v. Salazar, 2011 WL 7069550, *8 (C.D. Cal. 2011) ("Even assuming Petitioner could demonstrate a Napue violation [due to allegedly fabricated preliminary hearing testimony], it would not constitute an independent ground for habeas relief under Tollett as it involves pre-plea conduct."), report and recommendation accepted by, 2012 WL 171663 (C.D. Cal. 2012); Brown v. Swarthout, 2010 WL 3075700, *5 (C.D. Cal.) (Petitioner's claim "that the prosecutor committed misconduct at the preliminary hearing by using false testimony, which caused Petitioner to be held to answer the charges against him" was "based on an asserted pre-plea constitutional deprivation that was

waived by Petitioner's subsequent entry of a guilty plea."), <u>report and recommendation adopted by</u>, 2010 WL 3075695 (C.D. Cal. 2010).

Even if this was not the case, Petitioner's claim is meritless. A "conviction obtained by the [prosecutor's] knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." <u>United States v. Agurs</u>, 427 U.S. 97, 103 (1976) (footnotes omitted); <u>see</u> <u>also</u> <u>Napue</u>, 360 U.S. at 269 ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment[.]"). Moreover, "[a] prosecutor . . . has a constitutional duty to correct evidence he or she knows is false, even if it was not intentionally submitted." <u>Mancuso v. Olivarez</u>, 292 F.3d 939, 957 (9th Cir. 2002), <u>overruled on other grounds as recognized by</u>, <u>United States v. Chandler</u>, 658 F. App'x 841 (2016); <u>Napue</u>, 360 U.S. at 269; <u>Hayes v. Brown</u>, 399 F.3d 972, 978 (9th Cir. 2005) (<u>en</u> <u>banc</u>). "To prevail on a [false evidence] claim, 'the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony [or evidence] was actually false, and (3) that the false testimony [or evidence] was material.'" <u>Hein v. Sullivan</u>, 601 F.3d 897, 908 (9th Cir. 2010); <u>Napue</u>, 360 U.S. at 269.

\\
\\
\\
\\
\\

8

Here, there is no factual basis for Petitioner's claim since Petitioner pled guilty and was convicted based on his plea,[6] not upon the preliminary hearing testimony. See Broce, 488 U.S. at 569 ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); Alford, 400 U.S. at 32 ("Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind."); Brady, 397 U.S. at 748 ("Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment."); Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir. 2000) (factually unfounded argument provides no basis for federal habeas relief); Springs v. Kernan, 2007 WL 2156083, *6 (E.D. Cal.) ("By pleading no contest, petitioner admitted the criminal acts. Petitioner's reliance on [Napue] is misplaced."), report and recommendation adopted by, 2007 WL 2505507 (E.D. Cal. 2007).

Moreover, even setting aside these and other defects, Petitioner's claim is without merit since he has "failed to show that [the victim's] testimony was 'actually false' or that the government knowingly

---

[6] As part of his plea agreement, Petitioner admitted he "did the things that are stated in the charges that I am admitting." (Lodgment 5).

9

presented false testimony."[7] <u>United States v. Houston</u>, 648 F.3d 806, 814 (9th Cir. 2011).

Accordingly, the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law.[8]

## B. <u>Voluntary Plea</u>

A guilty or no contest plea "operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005) (quoting <u>Brady</u>, 397 U.S. at 748); <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969); <u>see also Hill</u>, 474 U.S. at 56 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative

---

[7] Petitioner has presented this Court with no competent evidence supporting his claim. Petitioner did submit a declaration to the California Supreme Court, but alleged only that "based on two separate impartial sources" close to he and his wife, it is Petitioner's "understanding that [his] wife never suffered a broken jaw." (Lodgment 13, Exh. E). Even considering this declaration, Petitioner's "'self-serving statement[] . . . that his conviction was constitutionally infirm [is] insufficient to overcome the presumption of regularity accorded state convictions.'" <u>Turner v. Calderon</u>, 281 F.3d 851, 881 (9th Cir. 2002) (citation omitted); <u>Womack v. Del Papa</u>, 497 F.3d 998, 1004 (9th Cir. 2007).

[8] In his Answer, Respondent makes passing reference to <u>Teague v. Lane</u>, 489 U.S. 288 (1989). (Answer at 4). However, since Respondent has made "[n]o true <i>Teague</i> argument . . . in this case," the Court declines to conduct a <u>Teague</u> analysis. <u>Arredondo v. Ortiz</u>, 365 F.3d 778, 781-82 (9th Cir. 2004).

10

courses of action open to the defendant.'" (quoting <u>Alford</u>, 400 U.S. at 31)).

In Grounds One and Three, Petitioner contends his plea was not voluntarily entered into because the prosecution withheld exculpatory and impeaching evidence – the victim's medical records – from him.[9] (Petition at 5-6, Att. at 5-6, 10). However, in <u>United States v. Ruiz</u>, 536 U.S. 622 (2002), the Supreme Court held "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." <u>Id.</u> at 633. Thus, <u>Ruiz</u> forecloses Petitioner's claim to the extent he contends he was denied impeachment evidence prior to entering his plea, and the state court's rejection of this portion of Grounds One and Three was not contrary to, or an unreasonable application of, clearly established federal law. <u>Id.</u>

With regard to Petitioner's assertion that the medical records were exculpatory,[10] "[t]o date, the Supreme Court has not addressed the

---

[9]   Ground One raises a <u>Brady</u> claim, while Ground Three asserts Petitioner's plea was not voluntarily entered into due to the same alleged <u>Brady</u> violation. (Petition at 5-6, Att. at 5-6, 10). Since Petitioner pled guilty, the proper issue is whether the alleged <u>Brady</u> violation rendered Petitioner's plea involuntary. Accordingly, the Court considers these two claims together.

[10]   Petitioner's suggestion that the medical records were exculpatory seems a dubious one. (Petition, Att. at 5). Petitioner seems to believe that he could not have been convicted of violating P.C. § 273.5(a) or received a great bodily injury enhancement unless the victim's jaw was broken. (<u>Id.</u> at 5-8). But that is simply not true. <u>See</u> <u>United States v. Hall</u>, 419 F.3d 980, 986 (9th Cir. 2005) ("To convict Hall of inflicting corporal injury on his girlfriend [in violation of P.C. § 273.5(a)], the court need only have found that Hall

question of whether the *Brady* right to *exculpatory* information, in contrast to *impeachment* information, might be extended to the guilty plea context." United States v. Moussaoui, 591 F.3d 263, 286 (4th Cir. 2010) (italics in original); see also McCann v. Mangialardi, 337 F.3d 782, 787 (7th Cir. 2003) (In Brady, "the Supreme Court held that during trial the government is constitutionally obligated to disclose evidence favorable to the defense when the evidence is material to either the guilt or punishment of the defendant. The Court has yet to address, however, whether the Due Process Clause requires such disclosures outside the context of a trial." (citation omitted)). In the absence of Supreme Court precedent,[11] Petitioner is not entitled to habeas corpus relief on this portion of Grounds One and Three because the state court's rejection of this part of Grounds One and Three cannot be contrary to, or an unreasonable application of, clearly established federal law. See Wright v. Van Patten, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonabl[y] appli[ed]

---

willfully inflicted 'corporal injury resulting in a traumatic condition' on someone with whom he was cohabitating. Bruising is a 'traumatic condition' for purposes of the statute." (citing P.C. § 273.5(a) & People v. Beasley, 105 Cal. App. 4th 1078, 1085 (2003)); People v. Washington, 210 Cal. App. 4th 1042, 1047 (2012) ("An examination of California case law reveals that some physical pain or damage, such as lacerations, bruises, or abrasions is sufficient for a finding of 'great bodily injury.'"). Nevertheless, the Court addresses Petitioner's contention that the medical records were exculpatory.

[11] In Sanchez v. United States, 50 F.3d 1448 (9th Cir. 1995), the Ninth Circuit held that "a defendant challenging the voluntariness of a guilty plea may assert a *Brady* claim." Id. at 1453. However, Sanchez does not constitute clearly established federal law for AEDPA purposes. See Glebe v. Frost, 135 S. Ct. 429, 431 (2014) (per curiam) ("[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

clearly established Federal law.   Under the explicit terms of §
2254(d)(1), therefore, relief is unauthorized." (citation and internal
quotation marks omitted; brackets in original)); <u>Carey v. Musladin</u>, 549
U.S. 70, 77 (2006) ("Given the lack of holdings from this Court. . . ,
it cannot be said that the state court 'unreasonabl[y] appli[ed]
clearly established Federal law.'" (citation omitted)); <u>Stenson v.
Lambert</u>, 504 F.3d 873, 881 (9th Cir. 2007) ("Where the Supreme Court
has not addressed an issue in its holding, a state court adjudication
of the issue not addressed by the Supreme Court cannot be contrary to,
or an unreasonable application of, clearly established federal law.");
<u>Gonzalez v. Gipson</u>, 2016 WL 3055830, *8 (N.D. Cal. 2016) ("Given the
lack of a holding from the U.S. Supreme Court that exculpatory *Brady*
material must be disclosed before a defendant pleads guilty, the
California Supreme Court's rejection of Mr. Gonzalez's claim cannot be
said to be 'contrary to, or an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of the
United States[.]'" (citation omitted)).

In any event, even setting aside the clearly established law issue,
Petitioner's <u>Brady</u> claim is meritless.   Under <u>Brady</u>, "'the suppression
by the prosecution of evidence favorable to an accused upon request
violates due process where the evidence is material either to guilt or
to punishment, irrespective of the good faith or bad faith of the
prosecution.'"   <u>Wearry v. Cain</u>, 136 S. Ct. 1002, 1006 (2016) (<u>per
curiam</u>) (quoting <u>Brady</u>, 373 U.S. at 87).   There are "three components
or essential elements of a *Brady* prosecutorial misconduct claim: 'The
evidence at issue must be favorable to the accused, either because it
is exculpatory, or because it is impeaching; that evidence must have

13

been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" Banks v. Dretke, 540 U.S. 668, 691 (2004) (quoting Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).

Petitioner suggests the victim's medical records would have demonstrated she did not suffer a broken jaw when Petitioner hit her. (Petition at 5-6, Att. at 5-6, 10). However, Petitioner has not shown that any favorable evidence was suppressed, and his mere speculation about such a possibility is manifestly insufficient to state a viable Brady claim or to demonstrate that he did not knowingly, intelligently, and voluntarily enter his plea.[12] See Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (per curiam) (granting a habeas corpus petition "on the basis of little more than speculation" is improper); Runningeagle v. Ryan,

---

[12] In his Objections, Petitioner complains he did not voluntarily and intelligently enter into the plea agreement because he believed the victim's jaw was broken, when it was not. (Objections at 3-5). Once again, Petitioner has not provided any competent evidence supporting his claim that the victim's jaw was not broken. Dows, 211 F.3d at 486-87. Petitioner admitted in his plea agreement and in open court that he willfully inflicted corporal injury on the victim and caused her great bodily injury, and his conclusory allegations are insufficient to overcome such admissions. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); Brady, 397 U.S. at 757 ("We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought. . . ."); Womack, 497 F.3d at 1004 (a petitioner's unsupported, self-serving statement contradicting representations he made in his plea agreement does not warrant habeas corpus relief).

14

686 F.3d 758, 769 (9th Cir. 2012) ("[T]o state a *Brady* claim, [a petitioner] is required to do more than 'merely speculate' [about possible evidence]."); <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1037 (9th Cir. 2000) (petitioner's speculative arguments are insufficient to satisfy <u>Brady</u>); <u>Cooks v. Spalding</u>, 660 F.2d 738, 740 (9th Cir. 1981) (<u>per curiam</u>) (claim that "amounts to mere speculation" does not warrant habeas corpus relief).

Moreover, the government's suppression of evidence is a necessary element of a <u>Brady</u> claim, <u>Strickler</u>, 527 U.S. at 281-82; <u>Moore v. Illinois</u>, 408 U.S. 786, 794 (1972), and Petitioner cannot establish that any suppression occurred here. "Under *Brady*'s suppression prong, if 'the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence,' the government's failure to bring the evidence to the direct attention of the defense does not constitute 'suppression.'" <u>Cunningham v. Wong</u>, 704 F.3d 1143, 1154 (9th Cir. 2013) (citation omitted). In this case, Petitioner certainly knew by no later than the preliminary hearing that the victim had received medical treatment, including x-rays, following Petitioner's attack on her.[13] (<u>See</u> Lodgment 13, Exh. B (preliminary hearing transcript); <u>see also</u> Petition, Att. at 1 (After Petitioner hit his wife, she "was transported to Riverside County Regional Medical Center")). Thus, there was clearly no <u>Brady</u> violation since Petitioner "had all the 'salient facts regarding the existence of the [evidence]

---

[13] The preliminary hearing was held July 18, 2013, a month and a half before Petitioner entered his plea. (Lodgments 4-5 & 13, Exhs. B, F).

15

that he claims [was] withheld.'"[14]  Rhoades v. Henry, 638 F.3d 1027, 1039 (9th Cir. 2011) (citation omitted); see also Cunningham, 704 F.3d at 1154 ("Cunningham's attorneys possessed the 'salient facts' that would have allowed them to access [the victim's] medical records.  They knew he had been shot and was treated by medical personnel following the shooting.  There was no suppression of this easily attainable evidence."); Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006) (Where "'the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a [Brady] violation by not bringing the evidence to the attention of the defense.'" (citations omitted)); United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) ("When, as here, a defendant has enough information to be able to ascertain the supposed [Brady] material on his own, there is no suppression by the government.").

For all these reasons, the state court's rejection of Grounds One and Three was not contrary to, or an unreasonable application of, clearly established federal law.

**C.  Ineffective Assistance of Counsel**

In Ground Two, Petitioner contends he received ineffective assistance of counsel when defense counsel failed to object to

---

[14]  Indeed, as Petitioner concedes, his defense counsel subpoenaed the victim's medical records, which the trial court received on September 18, 2013.  (Petition, Att. at 3; Lodgment 13, Exh. F at 5). That Petitioner chose to enter a plea before the medical records were received suggests neither a Brady violation nor that his plea was involuntary.  Sanchez, 50 F.3d at 1453-54.

inadmissible evidence, file a suppression motion, and adequately investigate Petitioner's case. (Petition at 5, Att. at 7-9).

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel[,]" <u>Yarborough v. Gentry</u>, 540 U.S. 1, 4 (2003) (<u>per</u> <u>curiam</u>); <u>see also</u> <u>Missouri v. Frye</u>, 132 S. Ct. 1399, 1404 (2012) ("The right to counsel is the right to effective assistance of counsel."), and this guarantee "extends to the plea-bargaining process." <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012); <u>see also</u> <u>Padilla v. Kentucky</u>, 559 U.S. 356, 373 (2010) ("[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." (citing <u>Hill</u>, 474 U.S. at 57)); <u>Turner v. Calderon</u>, 281 F.3d 851, 880 (9th Cir. 2002) ("'[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer.'" (citation omitted)). To succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Cooper</u>, 132 S. Ct. at 1384 ("'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" (quoting <u>Hill</u>, 474 U.S. at 58)); <u>Pinholster</u>, 131 S. Ct. at 1403 (<u>Strickland</u> standard is clearly established federal law). "'To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" <u>Richter</u>, 562 U.S. at 104 (citation omitted); <u>Premo v. Moore</u>, 562 U.S. 115, 121 (2011). In the guilty plea context, prejudice "focuses on whether counsel's constitutionally ineffective

17

performance affected the outcome of the plea process." _Hill_, 474 U.S. at 59; _Turner_, 281 F.3d at 879.  Thus, in cases such as this, "where a [petitioner] complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the [petitioner] will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  _Frye_, 132 S. Ct. at 1409 (quoting _Hill_, 474 U.S. at 59).

Petitioner initially claims defense counsel should have objected to the victim's preliminary hearing statement that she sustained a broken jaw because the victim was not an expert witness qualified to make such a statement.  (Petition, Att. at 8).  This contention is specious, _see_, _e.g._, _Behr v. Redmond_, 193 Cal. App. 4th 517, 528 (2011) ("[L]ay witnesses are generally competent to testify as to their own knowledge of their diseases, injuries, or physical condition" (citing, _inter alia_, Cal. Evid. Code § 800(a)), and "[t]he failure to make an objection that would have been overruled was not deficient performance." _Flournoy v. Small_, 681 F.3d 1000, 1006 (9th Cir. 2012); _see also_ _Zapien v. Martel_, 849 F.3d 787, 796 (9th Cir. 2016) (petitioner did not receive ineffective assistance of counsel when "[c]ompetent counsel could reasonably have concluded that moving to exclude [evidence] on the grounds Zapien now suggests would have seemed frivolous"), _pet. for cert. filed_, (May 13, 2017); _Rupe v. Wood_, 93 F.3d 1434, 1444-45 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance."); _Boag v. Raines_, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

Petitioner also alleges defense counsel should have filed a motion to suppress his wife's preliminary hearing testimony pursuant to P.C. § 1538.5. (Petition, Att. at 8). "Where the defendant claims ineffective assistance for failure to file a particular motion, he must 'not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome.'" Leavitt v. Arave, 646 F.3d 605, 613 (9th Cir. 2011) (quoting Styers v. Schriro, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008)). Petitioner cannot meet this standard. The suppression motion Petitioner believes defense counsel should have filed would have been frivolous, see People v. Avalos, 47 Cal. App. 4th 1569, 1576 (1996) ("Motions to suppress evidence under Penal Code section 1538.5 are restricted to Fourth Amendment issues."), and defense counsel is not ineffective in failing to file a suppression motion "which would have been 'meritless on the facts and the law.'" Ceja v. Stewart, 97 F.3d 1246, 1253 (9th Cir. 1996) (citation omitted); Zapien, 849 F.3d at 796; Flournoy, 681 F.3d at 1006; see also Moore, 562 U.S. at 124 ("[T]he first and independent explanation – that suppression would have been futile – confirms that [trial counsel's] representation was adequate under *Strickland*, or at least that it would have been reasonable for the state court to reach that conclusion."); Petrocelli v. Baker, 869 F.3d 710, 723 (9th Cir. 2017) ("A failure to make a motion to suppress that is unlikely to succeed generally does not constitute ineffective assistance of counsel.").

Finally, Petitioner contends that with any reasonable amount of investigation, defense counsel would have discovered the victim's jaw was not broken at all. (Petition, Att. at 8). However, Petitioner has

presented no evidence supporting this allegation,[15] and his "conclusory suggestion[] that his trial . . . counsel provided ineffective assistance fall[s] far short of stating a valid claim of constitutional violation."[16] <u>Jones v. Gomez</u>, 66 F.3d 199, 205 (9th Cir. 1995); <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994); <u>see</u> <u>also</u> <u>Sandgathe v. Maass</u>, 314 F.3d 371, 379 (9th Cir. 2002) (affirming denial of ineffective assistance of counsel claim when petitioner presented no evidence in support of claim).

In short, since Petitioner has shown neither deficient performance nor prejudice, the state court's rejection of Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable

---

[15]   <u>See</u> fn. 7.

[16]   Even accepting Petitioner's allegation, it does not mean that defense counsel was ineffective in recommending Petitioner take a plea deal.   As noted above, the prosecution was not required to prove the victim's jaw was broken to convict Petitioner of violating P.C. § 273.5(a) or to establish a great bodily injury enhancement.   At the time defense counsel recommended Petitioner accept the low-term five-year plea deal, prior defense counsel had already observed the victim at the preliminary hearing – where the victim testified it was hard for her to talk because of her injuries – and defense counsel could reasonably believe the victim might make a good witness for the prosecution in that her testimony was observed to be "calm, matter-of-fact," and she "seem[ed] confident in her answer that [Petitioner] directly punched her."   (<u>See</u> Lodgment 13, Exh. B).   Defense counsel would also have been aware that in a case in which credibility was at issue, he was representing a defendant with prior convictions, including for lewd and lascivious acts on a child under the age of 16 and more than 10 years younger than Petitioner in violation of P.C. § 288(c)(1).   (<u>See</u> Lodgments 3-4, 7 & 13, Exh. C).   And even without access to the medical records, defense counsel would have been aware of the police report, which included an officer's observations that the "left side of [the victim's] face was very swollen compared to her right [side], . . . her mouth was full of blood[, her] tongue appeared swollen[,}" "her speech was very distorted and it was painful for her to speak."   (Lodgment 13, Exh. A).

20

application of, clearly established federal law.

## VI.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting this Final Report and Recommendation, (2) denying the Petition for Writ of Habeas Corpus, and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: November 3, 2017

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

### <u>NOTICE</u>

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.